UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PENNY AND MARK SMITH, ETC.                CIVIL ACTION

VERSUS                                    NO. 05-6648

TANGIPAHOA PARISH SCHOOL BOARD,           SECTION "C" (4)
ET AL

ORDER

This matter comes before the Court on application for preliminary injunction filed by the plaintiffs Penny Smith and Mark Smith. Having considered the record, the application and the law, the Court has determined that a preliminary injunction is not appropriate at this time for the following reasons and that a hearing on the application is not necessary.

The plaintiffs filed suit against the defendants under 42 U.S.C. § 1983, 29 U.S.C. § 794, 34 C.F.R. § 104.31, and Section 504 of the Rehabilitation Act of 1973. For present purposes, the plaintiffs allege that the defendants have failed to provide reasonable accommodation at school for the plaintiffs' nine-year old daughter's allergy to horse dander. Specifically, the plaintiffs argue that on October 31, 2005, the assistant principal admitted that a new substitute teacher had not received training in the use of the "Epi-pen," that school authorities suggested that the parents transport the child to school and that school authorities have not responded to the

1

plaintiff's questions about teacher training relative to their daughter's condition. (Rec. Doc. 3, App. ¶¶ 8-9). The plaintiffs maintain that these circumstances support the issuance of a preliminary injunction restraining the defendants and students from bringing horses or tack onto school campus and mandating the defendants to comply with the April 2005 Individual Accommodation Plan for the child.

A preliminary injunction is appropriate only when the moving party establishes: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) that the threatened injury outweighs any damage that the injunction may cause the opposing party; and (4) that the injunction will not disserve the public interest. Allied Marketing Group, Inc. v. CDL Marketing, Inc., 878 F.2d 806 (5th Cir. 1989); State of Louisiana ex rel Guste v. Lee, 635 F.Supp. 1107, 1125 (E.D. La. 1986). It is an extraordinary remedy available only if the movant has clearly carried the burden of persuasion as to all four factors. Allied, supra.

Assuming that the defendants are not immune to suit, the plaintiffs have failed to show entitlement to this extraordinary remedy. The plaintiffs argue that "there are, theoretically, safeguards in place at this point, the defendants have failed to live up to their obligations to provide medical safety for the minor child, and so defendants have not given any reason to believe that the child's safety is protected." (Rec. Doc. 3, Memo., p. 5). However, they have failed to show deficiencies sufficient to support a finding of substantial likelihood of success on the merits in light of any proven conduct by the defendants since the Individual Accommodation Plan was confected. This shortcoming, combined with the plaintiffs' option of keeping the child

2

home or away from any horses at school and providing alternative transportation in the face of a specific threat, also undermines the plaintiffs' showing that a substantial threat that the failure to grant the injunction will result in irreparable harm to the child. In light of this evidentiary void, the final two balancing requirements for the issuance of a preliminary injunction are not even reached.

In the event discovery produces evidence sufficient to support the injunctive relief sought, this ruling does not prohibit reapplying for a preliminary injunction, if otherwise appropriate. The more appropriate approach at this point may be toward conciliation and an effort to reestablish trust and respect between the parties.

New Orleans, Louisiana, this 30th day of December, 2005.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE